# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANTONIO WALLACE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV421-201 |
| ) | |
| RONALD BRAWNER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Antonio Wallace filed an unsigned petition pursuant to 28 U.S.C. § 2254 on June 10, 2021, in the United States District Court for the Middle District of Georgia. *See* doc. 1 at 15. On June 15, 2021, he filed another petition, this time signed.[1]  Doc. 4.  He moved to proceed *in forma pauperis*.  Doc. 5.  As he appears indigent, that motion is **GRANTED**.  Doc. 5.  The Middle District transferred Wallace's petition to this Court.  *See* doc. 8.

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

Wallace has filed several "notices" and a "demand for a jury trial." *See* docs. 12, 13, and 15. He has also filed a document titled "Memorandum Opinion," which provides legal argument in support of his Petition. *See* doc. 16. Finally, he filed a "Motion for Summary Judgment," seeking disposition of his Petition without the need for an evidentiary hearing. *See* doc. 17. As discussed below, since it appears from the face of his Petition that his original Petition was untimely, his Petition should be **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .")

Federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. §2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236

at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at * 1.

Wallace's Amended Petition states that he was convicted on September 14, 2006. *See* doc. 4 at 1; *see also, e.g.,* doc. 17-3 at 2. He states that his appeal of that conviction was "denied" by the Georgia Court of Appeals in "January 2009." Doc. 4 at 2; *see also Wallace v. State*, 671 S.E.2d 911 (Ga. App. Ct. 2009). Apparently while his appeal was pending he sought unspecified relief in Chatham County Superior Court, which was denied in 2007. *See* doc. 4 at 2-3. He sought state habeas

relief on January 31, 2020. *Id.* at 3; doc. 17-3 at 3. His state habeas petition was "dismissed as untimely and / or successive," on February 19, 2020. Doc. 4 at 3-4; doc. 17-3 at 3. The Georgia Supreme Court denied a certificate of probable cause in "May 2021." *Id.* at 4; *see also* doc. 17-3 at 3 (stating that the certificate of probable cause was "denied on May 2021").

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For § 2254 petitioners who do not seek direct review of their conviction, *i.e.* those who do not file an appeal, "the judgment becomes final at the expiration of the time for seeking such review—when the time for pursuing direct review in [the Supreme Court], or in state court, expires." *Id.* Because Wallace obtained appellate review in the Court of Appeals of Georgia, but did not seek further review in the Supreme Court of Georgia, his judgment of conviction became final ten days later. *See, e.g.,* Ga. Sup. Ct. R. 38 (allowing 10 days to file notice of intent to seek review); *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006). Wallace's conviction, therefore, became final no later than January 16, 2009. *See Wallace*, 671

4

S.E.2d 911 (opinion issued Jan. 6, 2009). Wallace alleges that he filed a petition for habeas corpus in the Superior Court of Baldwin County, Georgia on January 31, 2020. *See* doc. 4 at 3. Even assuming that the Baldwin County petition could otherwise affect the statute of limitations,[2] the time that elapsed between his judgment's finality and his filing that petition exceeded § 2244(d)'s one-year limitations period by years.

Wallace's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Wallace's

---

[2] Wallace's acknowledgement that his petition was dismissed as time-barred suggests that it does not affect § 2244(d)'s statute of limitations, even if it had not been filed after the expiration of the one-year period. Section 2244(d)(2) provides that "[t]he time during which a *properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." *Id.* However, applications for state collateral relief which are time-barred do not toll the statute of limitations. *See, e.g., Ling v. Inch*, 2021 WL 2044996, at *4 (N.D. Fla. Apr. 12, 2021) ("A time-barred motion is not 'properly filed' for AEDPA purposes.")

Petition does not indicate any "extraordinary circumstance" and his allegations, taken as a whole, do not indicate that he pursued his rights diligently. There is, therefore, no basis to find he is entitled to equitable tolling.

Many of Wallace's filings in this case, including the Petition itself, assert that his "alleged conviction and sentence is null and void" because the trial court lacked "jurisdiction." *See* doc. 4 at 13-14; doc. 15 (alleging that "the State of Georgia has no subject or personal jurisdiction over" Petitioner); doc. 16 at 4 ("When a court without jurisdiction convicts and sentences a defendant, the conviction and sentence are void from their inception and remain void long after a defendant has fully suffered their direct force."). Those allegations might, charitably, be interpreted as attempts to explain or excuse the untimeliness of his Petition. However, "[t]here is no exception to the . . . limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court." *Foster v. Gordy,* 2019 WL 6381773, at *6 (M.D. Ala. Oct. 30, 2019); *see also, Davis v. Nunn,* 2022 WL 1618534, at *2 (W.D. Okla. May 23, 2022) (rejecting argument that the statute of limitations does not apply because the state court lacked jurisdiction as "without merit," and collecting cases); *Joseph v.*

*McNeil*, 2009 WL 3161821, at *1 (S.D. Fla. Sept. 29, 2009) (rejecting argument that "the state court's lack of subject matter jurisdiction" precluded dismissal of untimely petition as "without merit."). *Cf. Justo v. Culliver*, 317 F. App'x 878, 880-81 (11th Cir. 2008) (noting the possibility that an "actual innocence" claim might be sufficient to avoid the statute of limitations, but where petitioner did not point to "new reliable evidence . . . that was not presented at trial," he had not shown "actual innocence," but only "legal insufficiency" (internal quotation marks and citations omitted)). To the extent that Wallace contends that his allegations that the trial court lacked jurisdiction affect the application of the statute of limitations, those arguments are meritless.

Since Wallace's § 2254 petition was untimely filed, it should be **DISMISSED**. His Motion for Summary Judgment should, therefore, be **DISMSSED** as moot. Doc. 17. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**, this 1st day of June, 2022.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia