IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTONIO WALLACE,

    Petitioner,

v.

RONALD BRAWNER,

    Respondent.

CIVIL ACTION NO.: 4:21-cv-201

**O R D E R**

Before the Court is the Magistrate Judge's June 1, 2022 Report and Recommendation, (doc. 18), to which *pro se* petitioner Antonio Wallace has objected, (doc. 21). The Magistrate Judge recommended that Wallace's 28 U.S.C. § 2254 petition be dismissed as untimely. (Doc. 18, pp. 2-7.) After a careful de novo review, the Court agrees with the Magistrate Judge's recommendation. As explained below, Wallace's Objection does not raise any meritorious argument against the recommendation. The Court, therefore, **ADOPTS** the Report and Recommendation, (doc. 18), as the opinion of the Court and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus, (doc. 1). His Motion for Summary Judgment is **DISMISSED** as moot. (Doc. 17.)

The Magistrate Judge determined that Wallace's conviction became final in January 2009. (Doc. 18, p. 4.) He filed a state habeas petition in January 2020 and the instant petition in June 2021. (Id., pp. 1, 5.) Since more than one year elapsed between the date when Wallace's conviction became final and his filing of any proceeding that might toll 28 U.S.C. § 2244(d)'s limitations period, the Magistrate Judge concluded his Petition was untimely. (Id., p. 5.) The

Magistrate Judge concluded that Wallace's arguments concerning the state court's jurisdiction over his criminal case did not provide any meritorious basis to avoid the time bar. (Id., pp. 5-7.) He, therefore, recommended dismissal.

Wallace's Objection does not identify any defect in the Magistrate Judge's determination that the instant Petition was untimely filed, pursuant to § 2244(d). (See generally, doc. 21.) He does not directly dispute the authority cited by the Magistrate Judge that purported jurisdictional challenges are not excepted from § 2244(d)'s limitations period. (See generally, id.) The Magistrate Judge's statement of the law is correct. (See doc. 18, pp. 6-7 (citing Foster v. Gordy, 2019 WL 6381773, at *6 (M.D. Ala. Oct. 30, 2019)); see also, e.g., Surles v. Toney, 2022 WL 507435, at *1 (N.D. Ala. Feb. 18, 2022) (§ 2254 petitioner's "argument that jurisdictional challenges may be raised at any time is without merit." (citations omitted)); Harris v. Deal, 2017 WL 4694153, at *2 (N.D. Ga. Oct. 19, 2017) ("[A] federal district court may not address the merits of any claim raised in a time-barred federal habeas petition, including a claim challenging the jurisdiction of the state criminal court."). The Magistrate Judge was also correct that an allegation concerning the state court's jurisdiction does not assert "actual innocence," to avoid the time bar. (Doc. 18, p. 7 (citing Justo v. Culliver, 317 F. App'x 878, 880-81 (11th Cir. 2008); see also Jones v. Warden, 683 F. App'x 799, 801 (11th Cir. 2017) (habeas petitioner's "argument that the state trial court lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse his failure to file his federal petition sooner.").

What Wallace's Objection does contain is argument that is indicative of the discredited "sovereign citizen" theory. (See, e.g., doc. 21 at 5 ("There is no Constitutional authority for a Corporation Chatham County, to bring against a Natural Man."). As one court has explained: "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-

party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. *These theories should be rejected summarily, however they are presented.*" United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (emphasis added). Such arguments, "[t]hough adorned with pseudo-legalese, . . . [are] simply nonsensical." Banks v. Florida, 2019 WL 7546620, at *2 (M.D. Fla. Dec. 17, 2019). The arguments in Wallace's Objection are without any discernable merit.

Wallace's Objection does not identify any defect in the Magistrate Judge's conclusion that his 28 U.S.C. § 2254 Petition is untimely or identify any basis to excuse his untimely filing. His objections, (doc. 21), are, therefore, **OVERRULED** and the Report and Recommendation, (doc. 18), is **ADOPTED**. Marshall's Petition is **DISMISSED** as untimely. (Doc. 1.) His Motion for Summary Judgment is **DISMISSED** as moot. (Doc. 17.) Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 3rd day of November, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA